IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CALVIN NIX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:25-CV-217-WKW |
| | ) [WO] |
| GOVERNOR KAY IVEY; ATTORNEY GENERAL STEVE MARSHALL; and NATHANIEL LEDBETTER, Speaker of the Alabama House, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Calvin Nix, an inmate in the custody of the Alabama Department of Corrections, has filed a *pro se* action against state governmental officials. For the reasons that follow, the action must be dismissed for lack of subject matter jurisdiction. The dismissal will be without prejudice.

**I.     The Complaint**

Plaintiff brings this action against Steve Marshall, Attorney General for the State Alabama; Nathaniel Ledbetter, Speaker of the Alabama House of Representatives; and all Alabama legislators. Relying on the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, Plaintiff alleges violations of the Fourteenth Amendment to the United States Constitution. He claims that, as the owner of

property in Bayou La Batre, Alabama, the authority of Defendants to "subject[] him to taxation[] is void" due to the unconstitutional nature of the Alabama Constitution of 1901, which he argues was ratified with the "sole intent to establish[] white supremacy." (Doc. # 1 at 3, 4.) Plaintiff asserts that this racially discriminatory intent invalidates the Alabama Constitution of 1901 under the Fourteenth Amendment, thus nullifying the legality of state taxes imposed on him. (Doc. # 1 at 2–9.)

As relief, Plaintiff demands a declaratory judgment that the Alabama Constitution of 1901 is void because it violates the Fourteenth Amendment, thereby invalidating the state constitution's authority for taxation. (Doc. # 1 at 11.)

## II. The Absence of Subject Matter Jurisdiction

In every action, the court must ensure that it has subject matter jurisdiction. "Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Here, subject matter jurisdiction is lacking based on the Tax Injunction Act ("TIA"), 28 U.S.C. § 1341.

The TIA provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain,

2

speedy and efficient remedy may be had in the courts of such State." § 1341. The TIA "prohibits a federal district court, in most circumstances, from issuing an injunction enjoining the collection of state taxes." *California v. Grace Brethren Church*, 457 U.S. 393, 408 (1982). It "also prohibits a district court from issuing a declaratory judgment holding state tax laws unconstitutional." *Id.* "In short, in enacting the TIA, Congress trained its attention on taxpayers who sought to avoid paying their tax bill by pursuing a challenge route other than the one specified by the taxing authority." *Hibbs v. Winn*, 542 U.S. 88, 104–05 (2004).

The TIA "is a 'jurisdictional rule' and constitutes a 'broad jurisdictional barrier.'" *I.L. v. Alabama*, 739 F.3d 1273, 1282 (11th Cir. 2014) (quoting *Moe v. Confederated Salish & Kootenai Tribes of Flathead Reservation*, 425 U.S. 463, 470 (1976)). Examining the parameters of this barrier in light of prior decisions, the Supreme Court in *Hibbs* explained that the TIA unequivocally precluded jurisdiction because those cases "[a]ll involved plaintiffs who mounted federal litigation to avoid paying state taxes (or to gain a refund of such taxes). Federal-court relief, therefore, would have operated to reduce the flow of state tax revenue." 542 U.S. at 106 (citations omitted).

Here, Plaintiff has mounted a Fourteenth Amendment challenge to the whole of the Alabama Constitution of 1901, and he plainly does so to avoid paying state taxes. The relief he requests, therefore, would have the effect of reducing the flow

3

of state tax revenues. The TIA poses a jurisdictional bar to his claims because the requested declaratory judgment would "enjoin, suspend or restrain" the "assessment, levy or collection" of tax under Alabama law. § 1341. Furthermore, Plaintiff has available remedies under state law to challenge a tax assessment. *See, e.g.*, Ala. Code § 40-2A-7 (permitting an appeal of a final assessment to either the Alabama Tax Tribunal or to the state's circuit courts). In *Kelly v. Alabama Department of Revenue*, 638 F. App'x 884, 890 (11th Cir. 2016), the Eleventh Circuit concluded that § 40-2A-7 "provides a plain, speedy, and efficient remedy within the meaning of the TIA." Accordingly, the TIA prevents the court from asserting jurisdiction over Plaintiff's action.

### III.   An Amendment Would Be Futile

Generally, the district court will afford a *pro se* prisoner an opportunity to amend his complaint at least once. *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) (citations omitted). However, a district court is not required to allow an amendment that would be futile. *Id.* (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)). Any amendment would be futile because subject matter jurisdiction is lacking, and there are no allegations Plaintiff could assert that would cure that deficiency. Accordingly, leave to amend will not be granted.

## IV.     Conclusion

The Tax Injunction Act, 28 U.S.C. § 1341, bars federal courts from declaring state tax laws unconstitutional if an adequate state remedy is available. This jurisdictional bar prevents the court from hearing Plaintiff's action.

Accordingly, it is ORDERED that Plaintiff's action is DISMISSED without prejudice for lack of subject matter jurisdiction.

Final judgment will be entered separately.

DONE this 20th day of March, 2025.

                                                    /s/ W. Keith Watkins
                                      UNITED STATES DISTRICT JUDGE